**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DANNIELLE HILL, | § | |
| Plaintiff | § | |
| v. | § | NO. 4:19-cv-03873 |
| THE HERTZ CORPORATION, | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**DEFENDANT THE HERTZ CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Hertz Corporation ("Defendant" or "Hertz"), by and through its attorneys, Seyfarth Shaw LLP, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, respectfully files its Answer and Defenses to Plaintiff Dannielle Hill's ("Plaintiff" or "Hill") Original Complaint ("Complaint"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiff's Complaint.

## A. NATURE OF THE CASE

**COMPLAINT ¶1:**

This employment discrimination case is brought by Dannielle Hill, a former Functional Manager and later an Instant Return Manager. She was sexually harassed by a director, and suffered a hostile work environment based upon her sex. When she refused his sexual advances, he had her terminated. He continued to sexually harass her after her employment by attempting to assure her that she could return to work if she would date him. After securing alternative employment and filing a charge of discrimination, Hertz retaliated against her, causing her new employer to terminate her.

**ANSWER:**

Defendant denies that it employed Plaintiff and avers that Plaintiff was employed by DTG Operations, Inc. ("DTG"), an affiliate of Defendant and wholly-owned subsidiary of Hertz Global Holdings, Inc. Defendant admits that Plaintiff worked for DTG first as a Functional Manager in

its Customer Experience Department and then as an Instant Return Manager. Defendant admits that Plaintiff has filed this case alleging employment discrimination, but denies that any such discrimination occurred, and further denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

Plaintiff Hill brings sex discrimination/sexual harassment, hostile work environment, and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, *et. seq.* ("Title VII"); Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); and the Texas Commission on Human Rights Act, TEXAS LABOR CODE §§ 21.051- 21.055.

**ANSWER:**

Defendant admits that Plaintiff purports to bring claims of sex discrimination, sexual harassment, hostile work environment, and retaliation in violation of Title VII and Sections 21.051 to 21.055 of the Texas Labor Code ("Chapter 21"), but denies that it employed Plaintiff, denies that any such violations occurred, and further denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

**B. PARTIES**

**COMPLAINT ¶3:**

Plaintiff DANNIELLE HILL is an individual, who is a citizen of the State of Texas and at all times relevant to this complaint was a resident of Humble, Texas in Harris County.

**ANSWER:**

Defendant admits that Hill is an individual who resided in Humble, Texas during her employment with DTG, and that the city of Humble is located in Harris County, Texas. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 3 of the Complaint, and therefore denies the allegations.

**COMPLAINT ¶4:**

Defendant THE HERTZ CORPORATION, is a Florida corporation that may be served with process by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of THE HERTZ CORPORATION cannot with reasonable diligence be found at the company's registered office, THE HERTZ CORPORATION may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

**ANSWER:**

Defendant admits that its corporate headquarters is located in Florida, and that it can be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Defendant denies the remaining allegations set forth in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Whenever it is alleged that THE HERTZ CORPORATION committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of THE HERTZ CORPORATION or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants, or employees.

**ANSWER:**

Defendant acknowledges that Plaintiff intends for allegations in the Complaint that Defendant has committed any act or omission to include the acts and omissions of Defendant's "officers, directors, vice-principals, agents, servants, or employees" and that such alleged acts or omissions were "done with the full authorization, ratification or approval of [Defendant] or [were] done in the routine and normal course and scope of employment of [Defendant's] officers, directors, vice-principals, agents, servants, or employees." Defendant denies that, as a result of any alleged act or omission of its "officers, directors, vice-principals, agents, servants, or employees," Defendant is liable for sexual harassment, sex discrimination, hostile work environment based on sex, or retaliation under Title VII or Chapter 21, denies that it employed

Plaintiff, and further denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

## C. JURISDICTION AND VENUE

**COMPLAINT ¶6:**

The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051 and §21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**

Defendant admits that Plaintiff purports to bring an action for the claims asserted in Paragraph 6 of the Complaint, but denies that it employed Plaintiff, denies that it violated any of the statutes referenced, and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations set forth in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

On August 17, 2018, Plaintiff Hill, filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission — Civil Rights Division ("TWCCRD").

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Complaint Paragraph 7, and therefore denies these allegations.

**COMPLAINT ¶8:**

Hill exhausted any applicable administrative remedies and on July 17, 2019, received her Dismissal and Notice of Right to Sue letter from the EEOC and on August 8, 2019, she received her Dismissal and Notice of Right to Sue letter from the TWCCRD. This lawsuit has been filed within 60 days of her receipt of the Dismissal and Notice of Right to Sue letters.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Complaint Paragraph 8, and therefore denies these allegations.

**COMPLAINT ¶9:**

All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

**ANSWER:**

Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the allegations.

**COMPLAINT ¶10:**

Venue is proper in this judicial district court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3), because Title VII cases may be brought in any judicial district in the State in which any unlawful employment practice is alleged to have been committed and the acts complained of were committed within the Southern District of Texas.

**ANSWER:**

Defendant admits that Plaintiff was employed by DTG in the Southern District of Texas, and that any alleged unlawful employment practice by DTG is alleged to have been committed in the Southern District of Texas, but denies that it employed Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 10 of the Complaint.

## D. STATEMENT OF FACTS

**COMPLAINT ¶11:**

On or about April 9, 2018, Plaintiff Dannielle Hill, became employed with Hertz. Her initial title was Functional Manager and later her title was changed to Instant Return Manager.

**ANSWER:**

Defendant admits that Plaintiff was hired by DTG on or about April 9, 2018 as a Function Manager, and that she later became an Instant Return Manager for DTG. Defendant denies that it

employed Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

She worked under at least two male directors, Operations Director Arthur K. Prince ("Kevin") and Director of Operations Nolan Darby ("Darby").

**ANSWER:**

Defendant admits that Operations Director Arthur K. Prince was Plaintiff's direct supervisor. Defendant denies the remaining allegations set forth in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Upon the inception of her employment, Mr. Darby asked for her cellular phone number. He used excuses to go to her area and ask questions. He frequently called her into his office to just talk. He often tried to share events that occurred in his personal life with her. He frequently asked her out, complimented her hair and body, and in response, she refused his advances and informed him of her marriage. He disregarded her refusals and continued to ask her to drinks with him sans her husband.

**ANSWER:**

Defendant admits that Nolan Darby obtained cellular telephone numbers for all Hertz and DTG managers, including Plaintiff, for work-related communications. Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

On one occasion, she had to send him a text regarding the company credit card. He then asked her what she was willing to give or do for him, if he gave her the card. He continued to compliment her looks: "You know you are beautiful....hmmm let me see your hair."

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Ms. Hill was scared to lose her job and realized that Darby was friends with the Human Resources Business Partner Ms. Shavone Keys.

**ANSWER:**

Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and therefore denies the allegations.

**COMPLAINT ¶16:**

During the week of July 9, 2018, Operations Director Mr. Prince went away on vacation. Mr. Darby fired Ms. Hill, claiming that she was rude to an employee, an employee that he was close to, by asking that employee not to interrupt. The same female employee had repeatedly cursed Ms. Hill, dodged work, and ignored customers.

**ANSWER:**

Defendant admits that Prince was on vacation at the time he participated in the decision to terminate Plaintiff's employment with DTG for unprofessional behavior toward two employees. Defendant also admits that Darby delivered the termination letter to Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Her termination letter refers to "Mr. Prince" being the terminating manager and two un-named employees. Mr. Prince was on vacation.

**ANSWER:**

Defendant admits that Prince was on vacation at the time he participated in the decision to terminate Plaintiff's employment with DTG for unprofessional behavior. Defendant also admits that the termination letter was from Prince and refers to "two employees" toward whom Plaintiff was unprofessional on July 9, 2018. Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

After termination, Mr. Darby, the Director of Operations, contacted Ms. Hill and informed her that she was terminated "under false accusations" and if she went out with him he promised he would get her "job back". However, he emphasized that she should not "play hard to get" and "nobody has to know just keep this between us".

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

She pleaded with him not to contact her. Since that time, Ms. Hill has been receiving calls in which the caller simply breaths [sic] hard into the phone.

**ANSWER:**

Defendant denies that Darby contacted Plaintiff following her termination as alleged in Paragraph 18, and that Plaintiff "pleaded with him not to contact her." Defendant is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 19 of the Complaint, and therefore denies the allegations.

**COMPLAINT ¶20:**

Subsequent to filing an EEOC charge of discrimination with the Equal Employment Opportunity Commission, she attempted to seek alternative employment. Hertz communicated to her new employer very untruthful statements about her and as a result her new employer stated based upon Hertz's representations, she would not be able to continue her employment.

**ANSWER:**

Defendant is without knowledge or information sufficient to admit or deny the allegations that, after filing an EEOC charge of discrimination, Plaintiff has "attempted to seek alternative employment," and therefore denies the allegations. Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

## E. CAUSES OF ACTION

### Count No. 1-SEXUAL HARASSMENT- QUID PRO QUO

**COMPLAINT ¶21:**

Plaintiffs [sic] repeat and re-alleges paragraphs 1 through 20 with the same force and effect as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1 through 20 of the Complaint as if they were fully set forth here.

**COMPLAINT ¶22:**

Plaintiff is an employee within the meaning of Title VII and the Texas Labor Code and belongs to a class protected under the statute, namely she is a female. See 42 U.S.C. §2000e-5(f); TEXAS LABOR CODE § 21.002(7).

**ANSWER:**

Defendant denies that Plaintiff was its employee, as that term is defined by Title VII and Chapter 21, but admits that these statutes prohibit employment discrimination on the basis of sex, and that Plaintiff is female. Defendant denies the remaining allegations set forth in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Defendant is an employer within the meaning of Title VII of the Civil Rights Act and the Texas Labor Code. See 42 U.S.C. § 2000e(b); TEXAS LABOR CODE § 21.002(8).

**ANSWER:**

Defendant admits that it is an employer, as that term is defined by Title VII and Chapter 21, but denies that it employed Plaintiff.

**COMPLAINT ¶24:**

Hertz's actions, either through itself or through its agents, representatives and or employees, constituted unlawful discrimination and harassment in violation of the TEXAS LABOR CODE §21.051.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Plaintiff avers that Hertz's unlawful sexual harassment violates the provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and Texas Labor Code justifying an award, inter alia, of compensatory and punitive damages against Hertz.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Defendant subjected Plaintiff to quid pro quo sexual harassment. After Plaintiff rejected sexual advances of her male supervisor, Director of Operations Nolan Darby, he had her fired. He conditioned the terms and condition of her employment on an exchange of sexual favors. In fact, after he terminated her, he continued to proposition her for dating him in exchange for receiving her job back. Defendant is strictly liable for Defendant's actions.

**ANSWER:**

Defendant admits that Plaintiff's employment with DTG was terminated. Defendant denies the remaining allegations set forth in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason(s), said reason(s) is a mere pretext for discrimination. Alternatively, the reason(s) given for Plaintiffs' [sic] termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.

**ANSWER:**

Defendant admits that the reason given for Plaintiff's termination from employment with DTG is true. Defendant denies the remaining allegations set forth in Paragraph 28 of the Complaint.

**Count No. 2- SEX DISCRIMINATION**

**COMPLAINT ¶29:**

Plaintiff repeats and re-alleges paragraphs 1 through 28 with the same force and effect as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1 through 28 of the Complaint as if they were fully set forth here.

**COMPLAINT ¶30:**

Plaintiff is an employee within the meaning of Title VII and the Texas Libor Code and belongs to a class protected under the statute, namely she is female. See 42 U.S.C. §2000e-5(f); TEXAS LABOR CODE § 21.002(7).

**ANSWER:**

Defendant denies that Plaintiff was its employee, as that term is defined by Title VII and Chapter 21, but admits that these statutes prohibit employment discrimination on the basis of sex, and that Plaintiff is female. Defendant denies the remaining allegations set forth in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Defendant is an employer within the meaning of Title VII and the Texas Labor Code. See 42 U.S.C. §2000e(b); TEXAS LABOR CODE § 21.002(8).

**ANSWER:**

Defendant admits that it is an employer, as that term is defined by Title VII and Chapter 21, but denies that it employed Plaintiff.

**COMPLAINT ¶32:**

Defendant intentionally discriminated against Plaintiff by terminating her employment because of sex. See 42 U.S.C. 2000 and the TEXAS LABOR CODE § 21.051.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages under Title VII and the TEXAS LABOR CODE § 21.2585.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason(s) are a mere pretext for discrimination. Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reason(s), and Plaintiff's sex was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.

**ANSWER:**

Defendant admits that the reason given for Plaintiff's termination from employment with DTG is true. Defendant denies the remaining allegations set forth in Paragraph 34 of the Complaint.

**Count No. 3- HOSTILE WORK ENVIRONMENT BASED UPON SEX**

**COMPLAINT ¶35:**

Plaintiffs [sic] repeat and re-allege paragraphs 1 through 34 with the same force and effect as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1 through 34 of the Complaint as if they were fully set forth here.

**COMPLAINT ¶36:**

Defendant is under violation of both the Title VII and the Texas Commission of Human Rights Act, TEXAS LABOR CODE. Specifically, Plaintiff was subjected to a hostile work environment based upon the unwelcomed sexual harassment by male Director of Operations Nolan Darby at The Hertz Corporation.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

For example, Mr. Darby, Director of Operations, made excuses to come to her office to speak with her. He constantly asked her out and complimented her hair and body. She declined his advances.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

After refusing sexual advances, she was terminated, and thus suffered an adverse employment action. Plaintiff belongs to a protected class based upon her sex and was subjected to unwelcome harassment. The harassment was based upon her membership in the protected class, the harassment affected a term, condition or privilege of her employment and Defendant knew or should have known of the harassment and failed to take prompt remedial action.

**ANSWER:**

Defendant admits that Plaintiff's employment with DTG was terminated. Defendant denies the remaining allegations set forth in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

The harassment affected a term, condition, or privilege of Plaintiff Hill's employment, in that it was sufficiently severe or pervasive to create a work environment that is both subjectively and objectively abusive, i.e., one that Hill perceives as abusive and one that a reasonable person would find hostile or abusive.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

By discriminating against Plaintiff in the terms and conditions of her employment, Defendant subjected her to a hostile work environment based upon her sex.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

**Count No. 4- RETALIATION**

**COMPLAINT ¶41:**

Plaintiffs [sic] repeat and re-allege paragraphs 1 through 40 with the same force and effect as though fully set forth herein.

**ANSWER:**

Defendant incorporates its answers to Paragraphs 1 through 40 of the Complaint as if they were fully set forth here.

**COMPLAINT ¶42:**

Defendant is in violation of Title VII and the Texas Labor Code § 21.055 for retaliation.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

After Plaintiff was terminated for refusing to date Director of Operations Nolan Darby, he offered to give her job back to her if she would date him. She declined and her counsel forwarded a letter of representation to the Defendant regarding her sexual harassment, and filed a charge of discrimination with the EEOC. After Plaintiff filed her charge of discrimination, she secured alternative employment; however, soon thereafter, her new employer informed her that based upon what the Hertz Corporation stated about her, she was no longer allowed to work there.

**ANSWER:**

Defendant admits that Plaintiff's counsel sent it a letter of representation regarding Plaintiff's allegations of harassment, and that Plaintiff filed a charge of discrimination with the EEOC. Defendant is without knowledge or information sufficient to admit or deny the allegations that Plaintiff "secured alternative employment," and that she was terminated from that employment, and therefore denies the allegations. Defendant denies the remaining allegations set forth in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

The Hertz Corporation was untruthful to her new employer and Plaintiff suffered the loss of her new job and thus damages, including severe emotional distress, lost wages, lost seniority,

and retirement benefits, and the loss of other benefits associates with her employment as she was subjected to an adverse employment action as a result of the retaliation.

**ANSWER:**

Defendant is without knowledge or information sufficient to admit or deny the allegations that "Plaintiff suffered the loss of her new job," and therefore denies the allegations. Defendant denies the remaining allegations set forth in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

In violation of Title VII and the TEXAS LABOR CODE § 21.055, such retaliation was committed with malice and reckless indifference to the rights of Plaintiff who complained of sexual harassment through her counsel and filed an EEOC charge of discrimination post-employment with Hertz, and Defendant caused her termination from her subsequent employer.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's retaliatory practices and they will continue unless and until this Court grants relief.

**ANSWER:**

Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

## F. JURY REQUEST

**COMPLAINT ¶47:**

Plaintiff requests a trial by jury.

**ANSWER:**

Defendant admits that Plaintiff included a jury demand in the Complaint

## G. PRAYER

WHEREFORE, Plaintiff DANNIELLE HILL prays that Defendant THE HERTZ CORPORATION be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) Judgment against Defendant for lost wages and benefits, both back pay and front pay;

b) Compensatory damages for severe mental anguish in the past and future, injury to their reputation, for adverse effects on their career, and for diminished earning capacity resulting from the discriminatory/sexually harassing and retaliatory actions of Defendant;

c) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

d) An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

e) Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience and mental anguish;

f) Costs of suit;

g) Pre-judgment interest at the highest rate allowed by law;

h) Post-judgment interest at the highest rate allowed by law; and

i) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

**ANSWER:**

Defendant denies the allegations made or implied in the unnumbered paragraph under the heading "Prayer" in the Complaint, and further denies that Plaintiff is entitled to the relief sought in that paragraph, or any relief whatsoever.

**DEFENSES**

In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

1. Plaintiff fails to state claims upon which relief can be granted.

2. Plaintiff's claims for relief are barred to the extent she has failed to mitigate her damages.

3. Any relief to which Plaintiff may be entitled is barred or otherwise affected by the after-acquired evidence doctrine.

4. Plaintiff's claims are barred to the extent that they occurred and/or accrued outside of the applicable statute of limitations.

5. Plaintiff's claims, in whole or in part, are barred by her failure to have exhausted her federal, state, or local administrative remedies.

6. To the extent Plaintiff's claims exceed the scope of the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

7. To the extent Plaintiff alleges that any employee of Defendant acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

8. Damages sustained by Plaintiff, if any, were not proximately caused by Defendant.

9. Plaintiff's request for damages is barred because Defendant made a good faith effort to comply with Title VII, Chapter 21, and any other applicable laws and had reasonable grounds for believing that any act allegedly taken or omission allegedly made was not a violation of Title VII, Chapter 21, or any other applicable law.

10. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

11. Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because of Plaintiff's unclean hands.

12. Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision would have been reached for legitimate business reasons.

13. Plaintiff is not entitled to punitive or exemplary damages because Defendant made good faith efforts to comply with Title VII, Chapter 21, and all other applicable anti-discrimination laws.

14. Defendant asserts any applicable statutory damage caps to Plaintiff's claims pursuant to state and federal law.

15. Defendant is continuing to investigate Plaintiff's allegations. Defendant therefore reserves the right to amend its Answer and Defenses.

Defendant The Hertz Corporation prays that Plaintiff's Original Complaint be dismissed and that Plaintiff take nothing thereby, that Defendant recover its costs in this matter, including but not limited to reasonable attorneys' fees as permitted by law, and that Defendant be granted such other and further relief to which it may show itself to be justly entitled.

DATED: December 16, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Rachel M. Hoffer
Rachel M. Hoffer
Texas Bar No. 24065432
S.D. Texas ID No. 1006076
rhoffer@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

ATTORNEY-IN-CHARGE FOR DEFENDANT
THE HERTZ CORPORATION

OF COUNSEL:

SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

ATTORNEYS FOR DEFENDANT
THE HERTZ CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, I electronically transmitted the attached document to the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to the following ECF registrants:

Melissa Moore
Rochelle Owens
MOORE & ASSOCIATES
Lyric Centre
440 Louisiana, Suite 675
Houston, Texas 77002

/s/ Rachel M. Hoffer
Rachel M. Hoffer