IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANNIELLE HILL<br><br>*Plaintiffs,*<br><br>v.<br><br>THE HERTZ CORPORATION and<br>DTG OPERATIONS, INC.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. 4:19-cv-03873<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff DANNIELLE HILL (hereinafter "Hill" or "Plaintiff Hill") and brings this suit against and complains of THE HERTZ CORPORATION (hereinafter "Hertz" or "Defendant Hertz") and DTG OPERATIONS, INC. (hereinafter "DTG" or Defendant DTG"). Plaintiff states as follows:

**A. NATURE OF THE CASE**

1. This employment discrimination case is brought by Dannielle Hill, a former Functional Manager and later an Instant Return Manager. She was sexually harassed by a director, and suffered a hostile work environment based upon her sex. When she refused his sexual advances, he had her terminated. He continued to sexually harass her after her employment by attempting to assure her that she could return to work if she would date him. After securing alternative employment and filing a charge of discrimination,

Defendants retaliated against her, causing her new employer to terminate her.

2. Plaintiff Hill brings sex discrimination/sexual harassment, hostile work environment, and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, *et. seq*. ("Title VII"); Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); and the Texas Commission on Human Rights Act, TEXAS LABOR CODE §§ 21.051- 21.055.

**B. PARTIES**

3. Plaintiff DANNIELLE HILL is an individual, who is a citizen of the State of Texas and at all times relevant to this complaint was a resident of Humble, Texas in Harris County.

4. Defendant THE HERTZ CORPORATION, is a Florida corporation that may be served with process by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of THE HERTZ CORPORATION cannot with reasonable diligence be found at the company's registered office, THE HERTZ CORPORATION may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

5. Whenever it is alleged that THE HERTZ CORPORATION committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of THE HERTZ CORPORATION or was done in the routine and normal course and scope

of employment of the company's officers, directors, vice-principals, agents, servants, or employees.

6. Defendant DTG OPERATIONS, INC., is an Oklahoma corporation that may be served with process by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Alternatively, if the registered agent of DTG OPERATIONS, INC. cannot with reasonable diligence be found at the company's registered office, DTG OPERATIONS, INC. may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

7. Whenever it is alleged that DTG OPERATIONS, INC. committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of DTG OPERATIONS, INC. or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants, or employees.

## C. JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051 and §21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims

that they form part of the same case or controversy under Article III of the United States Constitution.

9. On August 17, 2018, Plaintiff Hill, filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission – Civil Rights Division ("TWCCRD").

10. Hill exhausted any applicable administrative remedies and on July 17, 2019, received her Dismissal and Notice of Right to Sue letter from the EEOC and on August 8, 2019, she received her Dismissal and Notice of Right to Sue letter from the TWCCRD. This lawsuit has been filed within 60 days of her receipt of the Dismissal and Notice of Right to Sue letters.

11. All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

12. Venue is proper in this judicial district court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3), because Title VII cases may be brought in any judicial district in the State in which any unlawful employment practice is alleged to have been committed and the acts complained of were committed within the Southern District of Texas.

## D. STATEMENT OF FACTS

13. On or about April 9, 2018, Plaintiff Dannielle Hill, became employed with Defendants. Her initial title was Functional Manager and later her title was changed to Instant Return Manager.

14. She worked under at least two male directors, Operations Director Arthur K. Prince ("Kevin") and Director of Operations Nolan Darby ("Darby").

15. Upon the inception of her employment, Mr. Darby asked for her cellular phone number. He used excuses to go to her area and ask questions. He frequently called her into his office to just talk. He often tried to share events that occurred in his personal life with her. He frequently asked her out, complimented her hair and body, and in response, she refused his advances and informed him of her marriage. He disregarded her refusals and continued to ask her to drinks with him sans her husband.

16. On one occasion, she had to send him a text regarding the company credit card. He then asked her what she was willing to give or do for him, if he gave her the card. He continued to compliment her looks: "You know you are beautiful….hmmm let me see your hair."

17. Ms. Hill was scared to lose her job and realized that Darby was friends with the Human Resources Business Partner Ms. Shavone Keys.

18. During the week of July 9, 2018, Operations Director Mr. Prince went away on vacation. Mr. Darby fired Ms. Hill, claiming that she was rude to an employee, an employee that he was close to, by asking that employee not to interrupt. The same female employee had repeatedly cursed Ms. Hill, dodged work, and ignored customers.

19. Her termination letter refers to "Mr. Prince" being the terminating manager and two un-named employees. Mr. Prince was on vacation.

20. After termination, Mr. Darby, the Director of Operations, contacted Ms. Hill and informed her that she was terminated "under false accusations" and if she went out with him he promised he would get her "job back". However, he emphasized that she should not "play hard to get" and "nobody has to know just keep this between us".

21. She pleaded with him not to contact her. Since that time, Ms. Hill has been receiving calls in which the caller simply breaths hard into the phone.

22. Subsequent to filing an EEOC charge of discrimination with the Equal Employment Opportunity Commission, she attempted to seek alternative employment. Defendants communicated to her new employer very untruthful statements about her and as a result her new employer stated based upon Defendants' representations, she would not be able to continue her employment.

## E. CAUSES OF ACTION

### Count No. 1-SEXUAL HARASSMENT- QUID PRO QUO

23. Plaintiffs repeat and re-alleges paragraphs 1 through 22 with the same force and effect as though fully set forth herein.

24. Plaintiff is an employee within the meaning of Title VII and the Texas Labor Code and belongs to a class protected under the statute, namely she is a female. See 42 U.S.C. §2000e-5(f); TEXAS LABOR CODE § 21.002(7).

25. Defendants are employers within the meaning of Title VII of the Civil Rights Act and the Texas Labor Code. See 42 U.S.C. § 2000e(b); TEXAS LABOR CODE § 21.002(8).

26. Defendants' actions, either through itself or through its agents, representatives and or employees, constituted unlawful discrimination and harassment in violation of the TEXAS LABOR CODE §21.051.

27. Plaintiff avers that Defendants' unlawful sexual harassment violates the provisions of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and Texas Labor Code justifying an award, *inter alia*, of compensatory and punitive

damages against Defendants.

28. Defendant subjected Plaintiff to quid pro quo sexual harassment. After Plaintiff rejected sexual advances of her male supervisor, Director of Operations Nolan Darby, he had her fired. He conditioned the terms and condition of her employment on an exchange of sexual favors. In fact, after he terminated her, he continued to proposition her for dating him in exchange for receiving her job back. Defendant is strictly liable for Defendant's actions.

29. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

30. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason(s), said reason(s) is a mere pretext for discrimination. Alternatively, the reason(s) given for Plaintiffs' termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.

## **Count No. 2- SEX DISCRIMINATION**

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 with the same force and effect as though fully set forth herein.

32. Plaintiff is an employee within the meaning of Title VII and the Texas Labor Code and belongs to a class protected under the statute, namely she is female. See 42 U.S.C. §2000e-5(f); TEXAS LABOR CODE § 21.002(7).

33. Defendants are employers within the meaning of Title VII and the Texas Labor Code. See 42 U.S.C. §2000e(b); TEXAS LABOR CODE § 21.002(8).

34. Defendants intentionally discriminated against Plaintiff by terminating her employment because of sex. See 42 U.S.C. 2000 and the TEXAS LABOR CODE § 21.051.

35. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages. Defendant's conduct was willful and justifies an award of punitive damages under Title VII and the TEXAS LABOR CODE § 21.2585.

36. To the extent that Defendants contend that Plaintiff was fired for a legitimate non-discriminatory reason, said reason(s) are a mere pretext for discrimination. Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reason(s), and Plaintiff's sex was a motivating factor in the decision to terminate her employment. In other words, Defendants had mixed motives for Plaintiff's termination.

**Count No. 3- HOSTILE WORK ENVIRONMENT BASED UPON SEX**

37. Plaintiffs repeat and re-allege paragraphs 1 through 36 with the same force and effect as though fully set forth herein.

38. Defendants are under violation of both the Title VII and the Texas Commission of Human Rights Act, TEXAS LABOR CODE. Specifically, Plaintiff was subjected to a hostile work environment based upon the unwelcomed sexual harassment by male Director of Operations Nolan Darby with Defendants.

39. For example, Mr. Darby, Director of Operations, made excuses to come to her office to speak with her. He constantly asked her out and complimented her hair and body. She declined his advances.

40. After refusing sexual advances, she was terminated, and thus suffered an adverse employment action. Plaintiff belongs to a protected class based upon her sex and was

subjected to unwelcome harassment. The harassment was based upon her membership in the protected class, the harassment affected a term, condition or privilege of her employment and Defendant knew or should have known of the harassment and failed to take prompt remedial action.

41. The harassment affected a term, condition, or privilege of Plaintiff Hill's employment, in that it was sufficiently severe or pervasive to create a work environment that is both subjectively and objectively abusive, i.e., one that Hill perceives as abusive and one that a reasonable person would find hostile or abusive.

42. By discriminating against Plaintiff in the terms and conditions of her employment, Defendants subjected her to a hostile work environment based upon her sex.

## Count No. 4- RETALIATION

43. Plaintiffs repeat and re-allege paragraphs 1 through 42 with the same force and effect as though fully set forth herein.

44. Defendants are in violation of Title VII and the Texas Labor Code § 21.055 for retaliation.

45. After Plaintiff was terminated for refusing to date Director of Operations Nolan Darby, he offered to give her job back to her if she would date him. She declined and her counsel forwarded a letter of representation to the Defendants regarding her sexual harassment, and filed a charge of discrimination with the EEOC. After Plaintiff filed her charge of discrimination, she secured alternative employment; however, soon thereafter, her new employer informed her that based upon what Defendants stated about her, she was no longer allowed to work there.

46. Defendants were untruthful to her new employer and Plaintiff suffered the loss of her new job and thus damages, including severe emotional distress, lost wages, lost seniority, and retirement benefits, and the loss of other benefits associates with her employment as she was subjected to an adverse employment action as a result of the retaliation.

47. In violation of Title VII and the TEXAS LABOR CODE § 21.055, such retaliation was committed with malice and reckless indifference to the rights of Plaintiff who complained of sexual harassment through her counsel and filed an EEOC charge of discrimination post-employment with Defendants, and Defendants caused her termination from her subsequent employer.

48. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendants' retaliatory practices and they will continue unless and until this Court grants relief.

## F. JURY REQUEST

49. Plaintiff requests a trial by jury.

## G. PRAYER

WHEREFORE, Plaintiff DANNIELLE HILL prays that Defendants THE HERTZ CORPORATION and DTG OPERATIONS, INC. be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) Judgment against Defendants for lost wages and benefits, both back pay and front pay;

b) Compensatory damages for severe mental anguish in the past and future, injury to their reputation, for adverse effects on their career, and for diminished earning capacity resulting from the discriminatory/sexually harassing and retaliatory actions of Defendants;

c) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendants' unlawful employment practices;

d) An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

e) Judgment against Defendants for compensatory damages including emotional pain, suffering, inconvenience and mental anguish;

f) Costs of suit;

g) Pre-judgment interest at the highest rate allowed by law;

h) Post-judgment interest at the highest rate allowed by law; and

i) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully submitted:

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore

Melissa Moore
State Bar No. 24013189
Rochelle Owens
Federal Id. No. 590507
State Bar No. 24048704
Lyric Centre
440 Louisiana, Suite 675
Houston, Texas 77002
Telephone: 713.222.6775
Facsimile: 713.222.6739

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

As required by FED. R. CIV. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—which are listed below—on February 20, 2020 in accordance with FED. R. CIV. P. 5(b) as follows:

Ms. Rachel M. Hoffer
SEYFARTH SHAW, LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
Attorney(s) for Defendants

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

Melissa Moore